IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| RICHARD BALL and PATRICIA BALL, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, NATIONAL ASSOCIATION, <br><br> Defendant. | Case No. _____ |

# COMPLAINT

Plaintiffs Richard and Patricia Ball ("Plaintiffs" or "Balls"), for their Complaint against Wells Fargo Bank, National Association (Defendant or "Wells Fargo") allege and state as follows:

## INTRODUCTION

1. Richard and Patricia Ball are consumer customers at Wells Fargo Bank.

2. The Balls were victims of fraud and as a result, a fraudster made several electronic fund transfers from their accounts beginning in August of 2022.

3. Wells Fargo has violated the Electronic Fund Transfer Act (EFTA) and Regulation E by holding the Balls liable for these fraudulent transfers.

4. Plaintiffs bring the present action for the damages caused by Wells Fargo.

## PARTIES

5. Richard Ball is a citizen of the Commonwealth of Virginia, and resides in the City of Bristol, Virginia.

6. Patricia Ball is a citizen of the Commonwealth of Virginia, and resides in the City of Bristol, Virginia.

7. Defendant Wells Fargo, is a Federal Bank with its principal office in Sioux Falls, South Dakota.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1332, which provides diversity jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction.

9. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue properly lies in this judicial district and is proper in accordance with 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the underlying claims took place in the Western District of Virginia, Abingdon Division.

## FACTS

11. In July 2022, the Balls were contacted by a fraudster posing as Wells Fargo's fraud department.

12. Through a scheme of social engineering, the fraudster was able to access the Balls accounts and make the following electronic transfers:

   8/17/22    $75,000.00   Account No: 1998 (New Acct #7321)

2

| | | |
|---|---|---|
| 8/17/22 | $10,000.00 | Account No: 9687 (New Acct #2362) |
| 8/22/22 | $244.00 | Account No: 2851 (New Acct #8280) |
| 8/22/22 | $3,453.00 | Account No: 2551 (New Acct #5525) |
| 8/22/22 | $1,900.00 | Account No. 0624 (New Acct #8272) |
| 8/31/22 | $25,334.00 | Account No: 2551 (New Acct #5525) |

13. The fraudster accessed a Prime Equity Line Account No: 1998 (New Acct #7321). Plaintiffs timely notified Wells Fargo of this breach and demanded that the charges be reversed.

14. Wells Fargo has wrongly charged the Balls for this credit line and has wrongfully assessed the following charges:

Balance as of 01/24/2023: $77,170.59

- Total (past due payments) $1,641.65

- Total (finance charges) $2,110.40

- Late Charge Assessment –

  11/28/2022 - $19.53

  10/28/2022 - $17.18

  9/28/2022 - $3.95

  12/28/22 - $19.53

15. Wells Fargo staff have made routine threatening phone calls and e-mails regarding payments to the credit line, claiming illegally that Plaintiffs must repay the credit line plus late charges. Despite notice from the Balls about the breach and the

applicability of Regulation E, Wells Fargo has ignored the law and continues to harass Plaintiffs.

16. The Balls have repeatedly advised Wells Fargo that this electronic transfer should not have been charged to the Balls and payments cannot be made.

17. The result of this wrongful and illegal charge also has severely affected Mr. Ball's previously excellent credit score.

18. Wells Fargo has now threatened a foreclosure action upon the Plaintiffs' home located at 403 Old Abingdon Highway, Bristol Virginia.

19. Without injunctive relief against Wells Fargo attempting to wrongfully collect payments or foreclose upon their home, the Plaintiffs will continue to suffer irreparable harm.

20. As part of the fraudulent scheme, the fraudster convinced Plaintiffs to make three different wire transfers. Before making the wire transfers, the fraudster was able to initiate electronic transfers between different of Plaintiffs' consumer accounts. Plaintiffs made the following wire transfers in person at the Wells Fargo branch bank:

| Date | Amount |
|---|---|
| 7/29/22 | $70,000.00 |
| 8/4/22 | $27,000.00 |
| 8/15/22 | $220,000.00 |

21. Plaintiffs made these transfers under the belief that they were protecting their hard-earned money from hackers of the Wells Fargo system.

22. Despite the unusual nature of these wire transfers, that Plaintiffs had never been able to initiate electronic transfers before between personal accounts and

business accounts, and that Wells Fargo knew or should have known that these wire transfers were part of a social engineering fraud, Wells Fargo allowed these different wire transfers to occur, which resulted in the loss of Plaintiffs' life savings.

## COUNT I – VIOLATION OF ELECTRONIC FUND TRANSFER ACT AND REGULATION E

23. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1-22 above.

24. The Electronic Fund Transfer Act (EFTA) and Regulation E apply to an electronic fund transfer that authorizes a financial institution to debit or credit a consumer's account. 12 CFR § 1005.3(a).

25. The term account means a demand deposit (checking), savings, or other consumer asset account (other than an occasional or incidental credit balance in a credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes. 12 CFR § 1005.2(b)(1).

26. The term "electronic fund transfer" or "EFT" means any transfer of funds that is initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account. 12 CFR § 1005.3(b)(1).

27. Accordingly, Regulation E applies to any person-to-person (P2P) or mobile payment transactions that meet the definition of EFT, including debit card, ACH, prepaid account, and other electronic transfers to or from a consumer account. 12 CFR § 1005.3(b)(1)(v); Comment 3(b)(1)-1.ii.

Abingdon: 1203953-1

28. An unauthorized EFT is an EFT from a consumer's account initiated by a person other than the consumer without actual authority to initiate the transfer and from which the consumer receives no benefit. 12 CFR § 1005.2(m).

29. Unauthorized EFTs include transfers initiated by a person who obtained a consumer's access device through fraud or robbery and consumer transfers at an ATM that were induced by force. Comments 2(m)-3 and 4.

30. Regulation E sets forth the conditions in which consumers may be held liable for unauthorized transfers, and its commentary expressly states that negligence by the consumer cannot be used as the basis for imposing greater liability than is permissible under Regulation E. 12 CFR § 1005.6; Comment 6(b)-2.

31. EFTA includes an anti-waiver provision stating that "[n]o writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by [EFTA]." 15 U.S.C. § 1693l.

32. Although there may be circumstances where a consumer has provided actual authority to a third party under Regulation E according to 12 CFR § 1005.2(m), an agreement cannot restrict a consumer's rights beyond what is provided in the law, and any contract or agreement attempting to do so is a violation of EFTA.

33. Wells Fargo has violated the Electronic Fund Transfer Act (EFTA) and Regulation E by holding the Balls liable for these fraudulent transfers, which has caused damage to the Balls.

Abingdon: 1203953-1

## COUNT II – UCC VIOLATIONS

34. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1-33 above.

35. Wells Fargo owed a duty to Plaintiffs to authorize and verify wire transfers under the Uniform Commercial Code. Virginia Code § 8.4A-202.

36. Wells Fargo's procedures were not commercially reasonable under the circumstances of Plaintiffs' wire transfers, which were only induced by the fraudster's scheme.

37. Wells Fargo breached its duties to Plaintiffs by allowing the wire transfers to be sent while Wells Fargo knew or should have known that the Plaintiffs were being defrauded.

38. As a result, Plaintiffs were damaged by losing their life savings.

## COUNT III – NEGLIGENCE

39. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1-38 above.

40. Wells Fargo owed a common law duty to Plaintiffs to authorize and verify wire transfers.

41. Wells Fargo breached its duties to Plaintiffs by allowing the wire transfers to be sent, while Wells Fargo knew or should have known that the Plaintiffs were being defrauded.

42. As a result, Plaintiffs were damaged by losing their $435,101.59 in life savings.

## COUNT IV – INJUNCTION

43. Plaintiffs adopt and incorporate by reference paragraphs 1-42 above.

44. Plaintiffs are entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction prohibiting Wells Fargo from collecting payments on the Prime Equity Line Account or foreclosing upon their home located at 403 Old Abingdon Highway, Bristol Virginia.

WHEREFORE, Plaintiffs pray for the following relief:

(a) Compensatory damages in the amount of $435,101.59;

(b) All remedies provided under the Electronic Fund Transfer Act and Regulation E, including an award of costs and attorney's fees;

(c) A temporary and permanent injunction against Wells Fargo from seeking payment of the Prime Equity Line Account or wire transfers including interest or penalties or foreclosure upon their home located at 403 Old Abingdon Highway, Bristol Virginia; and

(d) Such other relief, legal or equitable, that may be provided under Virginia and Federal statutory law and regulations.

A JURY TRIAL IS DEMANDED.

RICHARD BALL<br>
AND PATRICIA BALL<br><br>
By Counsel

Abingdon: 1203953-1

Cameron S. Bell
  VSB No. 47685
PENNSTUART
P.O. Box 2288
Abingdon, Virginia  24212
Telephone:  276/628-5151
Facsimile:  276/628-5621
cbell@pennstuart.com

By /s/ Cameron S. Bell
    Cameron S. Bell